IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SUMMER DAWN WHITE | § | |
| | § | |
| v. | § | 2:10-CV-111 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION TO
## DENY MOTION TO DISMISS MOTION UNDER 28 U.S.C. § 2255,
## DENY MOTION TO DISMISS MOTION UNDER 28 U.S.C. § 2241, and
## DENY MOTION TO CORRECT SENTENCE

Before the Court is the "Motion to Correct Sentence," filed by federal prisoner SUMMER

DAWN WHITE in May 2010. The Court has construed the motion as a petition under 28 U.S.C.

§ 2241 for a writ of habeas corpus. For the reasons hereinafter expressed, the undersigned

United States Magistrate Judge recommends the government's "Motion to Dismiss Motion

Under 28 U.S.C. § 2255" be DENIED; the government's "Motion to Dismiss Motion Under 28

U.S.C. § 2241" be DENIED; and White's Motion to Correct Sentence be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

*A. State Court*

In late 2004, White pled guilty in Texas state court to Unlawful Use of a Motor Vehicle

(UUMV). *State v. White*, No. 16,120-A, "Judgment Adjudicating Guilt," pg. 1 (47th Dist. Ct.

Randall County, Texas, Jan. 10, 2006). Adjudication of guilt was deferred. *See* Tex. Code

Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2006). On various occasions throughout 2005, White

sold cocaine to an undercover Amarillo Police Department (APD) police officer. *United States v. White*, No. 2:06-CR-46, "Factual Resume," doc. 33, pg. 2 (N.D. Tex. Nov. 9, 2007). According to White, the APD arrested her on December 30, 2005. *White v. United States*, No. 2:10-CV-111, "Reply Brief to Government's Motion to Dismiss Motion Under 28 U.S.C. § 2255," doc. 7, pg. 2 (N.D. Tex. July 23, 2010).

In January 2006, the state court proceeded to adjudicate guilt on the UUMV offense. *State v. White*, No. 16,120-A, "Judgment Adjudicating Guilt," pg. 1. That court sentenced White to a term of eighteen months' incarceration on the UUMV conviction. *Id.* All told, White was incarcerated in state jail from December 30, 2005 to June 27, 2007 for UUMV. *White v. United States*, No. 2:10-CV-111, "Motion to Correct Sentence," doc. 1, pg. 2. After satisfying the UUMV sentence in June 2007, White remained in state custody based on the 2005 drug offenses. *Id.*, pg. 16. In September 2007, the state released White to the custody of the United States Marshals Service (USMS) based on a detainer for pending federal drug charges. *Id.* At the time it released White to the USMS, the state dismissed its drug charges against her. *Id.*

### B. Federal Court

In June 2006, while White was still incarcerated on the state UUMV conviction, a federal indictment was filed naming her as a defendant for the 2005 drug offenses. *United States v. White*, No. 2:06-CR-46, "Indictment," doc. 1. After completing her state sentence, White was transferred into federal custody. In late 2007, White pled guilty to the federal charges. *Id.*, "Plea Agreement," doc. 32. White did not appeal the Judgment. Approximately six months after Judgment issued, White filed a motion in which she requested time credit for her period of state

incarceration from December 30, 2005 to September 26, 2007. *Id.*, "Motion for Credit for Time Served," doc. 45. The District Court construed the motion as one under § 2241 and dismissed it *without prejudice* so White could exhaust her administrative remedies. *Id.*, "Order Dismissing Motion for Credit for Time Served," doc. 52.

Attached to White's instant Motion to Correct Sentence are several communications between White and the Bureau of Prisons (BOP) created while White was pursuing administrative remedies. These communications reveal the BOP has given White 101 days of credit on her federal sentence for days during which she was incarcerated in state custody.[1] *White v. United States*, 2:10-CV-111, "Motion to Correct Sentence," doc. 1, pg. 17. The BOP refused, however, based upon its interpretation of federal statue and BOP policy, to give White credit for the period of time spent in state jail in service of the state UUMV conviction. *Id.*, pgs. 17, 22. The final determination from the BOP was signed in April 2010. *Id.*, pg. 22. White filed the instant motion in May 2010.

## II.
## WHITE'S ALLEGATION AND ITS CLASSIFICATION

White's request is simple: She wants credit toward her federal sentence for the period of time between December 30, 2005 and June 27, 2007. The basis for White's argument that she is entitled to this credit is not as clear. Initially, therefore, the Court must determine whether

---

[1] Specifically, the BOP has given White credit for the following periods of time:
> August 24, 2005
> December 6, 2005
> December 21, 2005
> June 28, 2007 to September 26, 2007

Under the Court's calculations, this leaves approximately seven days of time credit unexplained. Such a disparity is not relevant to the issues at hand. The BOP stated it gave White the enumerated credits because she was in state custody but had not received credit toward any state sentence during these time periods. *White v. United States*, 2:10-CV-111, "Motion to Correct Sentence," doc. 1, pg. 17.

White's motion should be construed under 28 U.S.C. § 2241or under 28 U.S.C. § 2255.

A § 2241 petition for writ of habeas corpus brought by a prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion, by contrast, attacks the sentence itself and the way in which the sentencing court imposed the sentence. *Id.*

Thus, arguments regarding the manner in which a court imposed the sentence and its compliance with the United States Sentencing Guidelines (USSG) generally fall under § 2255. *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *see Perez v. Lappin*, No. 09-50645, 2010 WL 148649, at *1 (5th Cir. Jan. 15, 2010); *Edison v. Berkebile*, No. 08-10314, 2009 WL 3403186, at *1 (5th Cir. Oct. 22, 2009); *Reescano v. United States*, No. 08-41310, 2009 WL 3378265, at *1 (5th Cir. Oct. 21, 2009); *Cotton v. Tamez*, No. 07-11036, 2008 WL 2477627, at *1 (5th Cir. June 19, 2008). Such motions are cognizable in 2241 only if the prisoner can demonstrate he is entitled to relief under the "savings clause" of § 2255(e). *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *see Cotton*, 2008 WL 2477627, at *1. Arguments that the BOP has failed to properly give a prisoner credit for time served on a state sentence fall under § 2241. *See Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010).

In her Motion to Correct Sentence, White references § 5G1.3 of the USSG and states the proper procedure for obtaining the time credits "is a downward departure by the district court during the imposition of sentence." *White v. United States*, No. 2:10-CV-111, "Motion to Correct Sentence," doc. 1, pg. 3. This appears to be an attack on how the Court imposed White's sentence, which would fall under the provisions of § 2255. The pleading White filed, however, is clearly a fill-in-the-blank form, and the above-referenced parts are part of the form. *See id.*

White attached to this form motion several communications between her and the BOP where she repeatedly asked the BOP for credit for her time spent in state custody. *Id.*, pgs. 8, 10, 14, 18. The BOP, citing Title 18 U.S.C. § 3585(b) and BOP policy, refused to credit White for time spent in state jail because that time was already credited against another sentence, i.e. the state UUMV conviction. *Id.*, pgs. 12, 16, 22.

When the Court received White's motion, it reviewed not only the form submission but also all the documents attached as exhibits to the motion, which suggested White challenged the BOP's determination. *See Untied States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (establishing "[b]ecause the essence of the pleading controls, titling and erroneous citation of authority have been ignored"). Additionally, as discussed above, the Court was also aware of the fact White was returning to federal court after she had filed with this Court a "Motion for Credit for Time Served" in August 2008, asking for similar time credits. The Court had construed that motion under § 2241. In this context, and after reviewing all of the pleadings, the Court liberally construed the instant motion to, in fact, be a claim under § 2241. The Court issued an Order to Show Cause indicating it had construed the motion as a § 2241 petition and directing the government to respond to the motion.

In response, and contrary to the Order to Show Cause, the government filed a "Motion to Dismiss Motion Under 28 U.S.C. § 2255." In that motion, the government did not seek to have the Court recharacterize the case as a 2255 petition but instead unilaterally construed the case under § 2255, without explanation, and argued the motion was time barred under that statute. The Court overlooked the government's disregard of the first Order to Show Cause as an unintentional oversight. A second Order to Show Cause was issued. In its response to that

order, the government continued to argue the case is properly construed under § 2255. Rather than simply responding to the case on § 2241 grounds, the government argued the Court's designation was incorrect. The government answered the merits of the § 2241 claim in the final paragraph of its motion, but the majority of the motion is directed at attacking the Court's designation.[2]

In response to the government's first Motion to Dismiss, White stated she had "not filed or attempted to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence." *White v. United States*, No. 2:10-CV-111, "Reply Brief to Government's Motion to Dismiss Under 28 U.S.C. § 2255," doc. 7, pg. 1. White additionally said, however, "Ms. White is seeking time served for time spent December 31, 2005 to June 27, 2007, for the above action. BOP does not ha[v]e authority to credit such time when executing the sentence. Under 18 U.S.C. § 3585 and [sic] the BOP's Administrative Remedy is inadequate to challenge the 'imposition' of a federal sentence." *Id.*, pg. 3. Finally, in response to the government's second Motion to Dismiss, White opposed the government's substantive attack of the petition under § 2241 yet, at the same time, requested the Court "correct the sentence by time served for the term of imprisonment . . . which has not been credited and enter an order reducing the defendant's sentence." *Id.*, "Response to Briefing Order," doc. 10, pg. 3.

The pleadings of both parties do little to assist in the determination of whether White

---

[2] This response from the government is contrary to the Court's second Order to Show Cause, which directed the government to answer the merits of a § 2241 claim. The government's response is argumentative and improper. The Court has never received a motion to reclassify the case from the government. Rather than file pleadings properly challenging the Court's designation and seeking to have the Court redesignate the case, the government has chosen to ignore the Court's designation and continue down a course based upon the pertinacious determination that the case may only be properly construed under § 2255 and the Court's determination to the contrary is clearly wrong. This is not the proper method of challenging the Court's determination.

challenges the sentence itself or the way in which the BOP is executing the sentence. The original motion, with all the attached BOP communications, indicates White challenges the BOP's decision to deny her credit against her federal sentence for time served in Texas state custody on unrelated state convictions. In an abundance of caution, however, the Court will address why White's claims are meritless when construed under either section.

III.
ANALYSIS OF WHITE'S CLAIMS

*A. White's Motion as a Petition Under Title 28 U.S.C § 2241*

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). A defendant convicted of a federal crime is, however, entitled to credit for certain time spent in official detention prior to the date the sentence begins if the time spent in detention was

1. as a result of the offense for which the sentence was imposed; or

2. as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentenced was imposed;

18 U.S.C. § 3585(b). A defendant is not entitled to any time credits relating to such detention if those credits have already been credited against another sentence. *Id.*

As the Supreme Court has established, "[a] district court . . . cannot apply § 3585(b) at sentencing." *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593

(1992). Rather,

> After a district court sentences a federal offender, the Attorney General, through
> the BOP, has the responsibility for administering the sentence . . . Because the
> offender has a right to certain jail-time credit under § 3585(b), and because the
> district court cannot determine the amount of the credit at sentencing, the
> Attorney General has no choice but to make the determination as an
> administrative matter when imprisoning the defendant.

*Id.* at 335, 112 S.Ct. at 1355. Thus, the proper vehicle for a prisoner challenging a BOP action

on the basis of its noncompliance with § 3585(b) is a motion under § 2241.

In this case, White appears to allege the BOP was incorrect in its determination that she

was ineligible to receive credit for time spent in state custody in service of the state UUMV

conviction. White originally wrote the BOP requesting credit for time spent in state custody

from June 2006 through September 2007. *White v. United States*, No. 2:10-CV-111, "Motion

to Correct Sentence," doc. 1, pg. 10. The BOP awarded White 101 days of jail credit time, as

detailed in footnote 1 herein, but refused to give her credit for December 30, 2005 through June

27, 2007, as that time was applied to the state UUMV sentence. *Id.*, pg. 17. To the extent White

challenges this determination, she is attacking the way in which the BOP is administering her

sentence, which falls under § 2241.[3]  For this reason, the government's second Motion to

Dismiss should be denied.

In any event, White's argument is without merit when considered under § 2241. The

---

[3]  White was convicted in the United States District Court for the Northern District of Texas (NDTX),
Amarillo Division. At the time she filed the instant motion, White was incarcerated in the Federal Medical Center,
Carswell, in Fort Worth, Texas, which is located in the Fort Worth Division of the NDTX. Both the Amarillo and
Fort Worth Divisions have jurisdiction over this action if it is properly construed under § 2241 even though White
was moved to the Federal Corrections Institution in Greenville, Illinois after filing the motion. *See United States v.
Brown*, 753 F.2d 455, 456 (5th Cir. 1985) ("To entertain a § 2241 habeas petition, the district court must, upon the
filing of the petition, have jurisdiction over the prisoner or his custodian").

statute governing the BOP clearly states it cannot award credit for a period of detention already credited against another sentence. *See* 18 U.S.C. § 3585(b). In January 2006, Judgment was issued against White in state court. *State v. White*, No. 16,120-A, "Judgment Adjudicating Guilt," pg. 1. That Judgment was based solely upon White's plea of guilty to UUMV. *See id.* The resulting eighteen-month sentence was for UUMV and nothing else. *See id.* The time spent in custody from December 30, 2005 to June 27, 2007 was in service of the state UUMV conviction, which was unrelated to the drug offenses to which White pled guilty in federal court. White admitted as much in her communications with the BOP. *White v. United States*, No. 2:10-CV-111, "Motion to Correct Sentence," doc. 1, pg. 18. Because the time White spent in custody from December 30, 2005 to June 27, 2007 was already credited against a state conviction independent of her federal conviction, § 3585(b) prohibited the BOP from giving White credit for that time period. The BOP's determination was proper. Any claim brought under § 2241 is without merit.

### B. White's Motion as a Motion to Vacate Under Title 28 U.S.C § 2255

White additionally cites the USSG and appears to argue the Court, as opposed to the BOP, committed error at sentencing. Such an argument would fall under the purview of § 2255. As an initial matter, the government urges any § 2255 is time barred. Judgment from federal court issued against White upon her guilty plea on February 11, 2008. *United States v. White*, No. 2:06-CR-46, "Judgment," doc. 40. The conviction became final ten days later, on February 21, 2008. *See* Fed. R. App. P. 4(b)(1)(A)(2008)(amended 2009). White did not appeal the Judgment.

Barring any intervening actions, White's § 2255 motion would have been due on

February 21, 2009. *See* 28 U.S.C. § 2255(f). It was not filed until May 14, 2010, over a year after it was due. There is, however, an argument for equitable tolling in this case. White initially came to this Court in October 2008, within the one-year time period, presenting the same argument she now presents. *See United States v. White*, No. 2:06-CR-46, "Motion for Credit for Time Served," doc. 45 (N.D. Tex. Aug. 7, 2008). The District Court dismissed the motion without prejudice after White informed the Court she had not yet exhausted her administrative remedies by seeking relief through the BOP. *See id.*, "Order to Supplement," doc. 49 (Dec. 11, 2008); "Response," doc. 51 (Jan. 5, 2009); "Order Dismissing Motion for Credit for Time Served," doc. 52 (Jan. 7, 2009). The documents attached to the instant motion indicate White pursued her administrative remedies with the BOP from June 2009 through April 2010. While White does not explain why she waited from January 2009 until June 2009 to seek redress from the BOP, such delay is not fatal. Starting in June 2009, White was actively pursuing administrative remedies, as instructed by this Court, and therefore could be entitled to equitable tolling of the one-year statute of limitations established in § 2255.[4] *See Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002). For this reason, which was not addressed by the government in it first Motion to Dismiss, the government's Motion to Dismiss Motion Under 28 U.S.C. § 2255 should be denied.

---

[4] If the motion were truly one brought under 28 U.S.C. § 2255, then exhaustion of administrative remedies would not have been necessary at all. Even then, the Court could have held the case in abeyance while White exhausted her administrative remedies, in which case the possible statute of limitations issue would not have arisen. *See Pace v. DiGuglielmo*, 544 U.S. 408, 146, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (holding a petitioner in a 28 U.S.C. § 2254 habeas corpus action who is concerned about the expiration of the statue of limitations may file a protective petition and ask the federal court to stay and abey the federal proceedings until the state remedies are exhausted); *United States v. Flores*, 135 F.3d 1000, 1003 n.7 (5th Cir. 1998) (discussing how the limitations provisions of 28 U.S.C. § 2254 and 28 U.S.C. § 2255 are "nearly identical" and are therefore traditionally "read *in pari materia* where the context does not indicate that would be improper").

Even if the instant motion is not time barred, it is without merit. Section 5G1.3 of the USSG (2007 version) mandates:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . . the sentence for the instant offense shall be imposed as follows:

   (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

   (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

There is no dispute subsection (a) is inapplicable to this case. White appears to argue subsection (b) applies. White contends her state deferred adjudication was revoked solely for the same conduct that resulted in her federal conviction. That is, but for the possession with intent to distribute, which was only prosecuted on the federal level, White would have remained on deferred adjudication for the UUMV conviction. White contends the term of imprisonment on the UUMV conviction resulted solely from the drug charges. Therefore, White contends, the

UUMV imprisonment was based on conduct relevant to the federal drug charges.

White's argument fails for at least two reasons. First, while the Court has not found any Fifth Circuit guidance on this point, the Court believes the grounds upon which the state revoked deferred adjudication are irrelevant under USSG 5G1.3(b). *See United States v. Garcia-Hernandez*, 237 F.3d 105, 110 (2d Cir. 2000) ("[W]hen a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions"); *United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991) (holding "our law is that if an offense is committed while a defendant is on parole, that offense is compared to the offense for which the defendant is on parole rather than to the acts constituting a violation of parole for the purposes of 'the same transactions or occurrences' clause in guidelines § 5G1.3"); *United States v. Allen*, No. C-03-389, 2009 WL 1544058, at *2 n.2 (S.D. Tex. May 29, 2009).

White violated state law when she committed UUMV. Her eighteen-month term of incarceration was in service of her UUMV conviction, nothing more. Even if her deferred adjudication was revoked based on the same actions giving rise to later federal charges, she pled guilty to UUMV. Her UUMV was the offense for which she was imprisoned, not drug possession. To hold otherwise would allow White to "double dip" by simultaneously serving time on both a state UUMV conviction and an entirely separate federal drug possession conviction.

Even if the basis for revocation of state deferred adjudication was relevant, the basis for revocation of deferred adjudication in this case was not at all related to the actions forming the

basis of the federal charges. The government argued in its second Motion to Dismiss that the state proceeded to adjudication on the UUMV conviction based on White's "failure to submit urinalysis, failure to report to the probations office, positive uranalysis, and failure to pay fines and fees." *White v. United States*, No. 2:10-CV-111, "Motion to Dismiss and Response in Opposition to Petition Under 28 U.S.C. § 2241," doc. 8, pg. 6. Therefore, the government reasoned, the basis of the UUMV detention was not "relevant conduct" to the federal conviction. *Id.* White responded this statement was "untrue." *Id.*, "Response to Briefing Order," doc. 10, pg. 2. She stated, "Ms. White is certain had the [federal] charges not occurred she would have not been revoked." *Id.*

Research by this Court indicates White's position is incorrect. The Presentence Report (PSR) in this case indicated White's deferred adjudication was revoked "due to her failure to submit urinalysis, failure to report to the probation officer, positive urinalysis, and failure to pay fines and fees." *United States v. White*, No. 06-CR-46, "Presentence Report," pg. 5 (dated Dec. 14, 2007). After White stated the government's reliance upon the PSR was misplaced, the Court reviewed the records of White's state UUMV case, which are public record. A "Motion to Revoke Order Granting Unadjudicated Probation Under Art. 42.12 Tex. Code of Crim. Procedure" was filed by the state in White's UUMV case, number 16120-A, on November 15, 2005. That motion recites while on deferred adjudication probation, White admitted to smoking marijuana in May 2005; failed to report to her supervision officer in October 2005; failed to pay supervision fees in October 2005; and failed to submit to a drug and alcohol evaluation. *See* Exhibit A (obtained by this Court from the Randall County Clerk in October 2010). A "Report of Probation Violation" also filed in November 2005 indicated White had committed these

offenses. *See* Exhibit B (obtained by this Court from the files of United States Pretrial and Probation Services (USPPS) in October 2010). Neither the motion to proceed to adjudication nor the report of probation violation mention the drug offenses forming the basis for White's federal conviction. In January 2006, the state trial court granted the State's motion. *See* Exhibit C (obtained by this Court from the files of USPPS in October 2010).

While the timing of the motion to revoke deferred adjudication is apparently suspect in White's opinion, this Court is limited to rulings based on evidence in the record. It will not entertain arguments based on speculation of facts contradicted by state court records, and White's conjecture about the reasons for revocation is insufficient to sustain her argument. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Therefore, even if the grounds of the revocation on the state charges were relevant under USSC § 5G1.3, the state court records clearly indicate White's state deferred adjudication was revoked for reasons unrelated to the actions forming the basis of her federal charges. Assuming USSG § 5G1.3 applies in this case, White's confinement for UUMV was not "relevant conduct" to her federal drug possession with intent to distribute convictions.

As a final statement, it appears subsection (c) of USSG § 5G1.3, which neither party addresses, is applicable in this case. Application Note 3(C) to USSG § 5G1.3 (2007 version) states:

> Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked . . . the Commission recommends that the sentence for the instant [federal] offense be imposed consecutively to the sentence imposed for the revocation.

Therefore, the result in White's case, which is that White served the full state sentence before

beginning service on her federal sentence, is in accordance with the intent of this section of the USSG. White's argument that she is entitled to any time credits under § 5G1.3 of the USSG is without merit. Any action under § 2255 must fail.

## IV.
## RECOMMENDATION

Prisoner White has failed to demonstrate she is entitled to the time credits she seeks, under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Motion to Correct Sentence" filed by SUMMER DAWN WHITE be DENIED. For the above-stated reasons, it is also the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that both the "Government's Motion to Dismiss Motion Under 28 U.S.C. § 2255" and the government's "Motion to Dismiss and Response in Opposition to Petition Under 28 U.S.C. § 2241" be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of February, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

# Exhibit A



No. 16120-A

THE STATE OF TEXAS                          IN THE 47TH DISTRICT COURT

VS.                                          IN AND FOR

SUMMER DAWN WHITE                            RANDALL COUNTY, TEXAS

### MOTION TO REVOKE ORDER GRANTING UNADJUDICATED PROBATION UNDER ART. 42.12, TEX. CODE OF CRIM. PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Criminal District Attorney of Randall County, Texas, and would show the Court that the defendant in the above styled and numbered cause, heretofore on the 6th day of December , 2004, entered her plea of guilty to the felony offense of Unauthorized Use of a Motor Vehicle, whereupon no adjudication of guilt was entered by the Court and further proceedings were deferred with the Court's consent of the Defendant for a period of one (1) years pursuant to Art. 42.12, C.C.P., and the Defendant was placed on probation under the supervision of the Court; and that during the period of such probation, the defendant has violated the terms of conditions of her unadjudicated probation in the following particulars:

1. The defendant violated the provisions of Condition No. 2 of the Order Deferring Adjudication and Placing Defendant On Probation which required the defendant to avoid injurious or vicious habits, including but not limited to the use of marijuana, narcotics, dangerous drugs, inhalants, or the abuse of prescription medication; said violation occurring when on July 14, 2005, the defendant admitted to CSO Adams to smoking marijuana once during the week of May 30, 2005 (no specific dates given).

2. The defendant violated the provisions of Condition No. 5 of the Order Deferring Adjudication and Placing Defendant On Probation which required the defendant to report to the supervision officer as directed by the Court or supervision officer, but at least once each calendar month and obey all rules and regulations of the Community Supervision and Corrections Department; said violation occurring when the defendant failed to report to the supervision officer for the month of October 2005.

3. The defendant violated the provisions of Condition No. 14 of the Order Deferring Adjudication and Placing Defendant On Probation which required the defendant to pay a supervision fee of $60.00 per month to the Community Supervision and Corrections Department of this court on or before the fifth day of each month hereafter during the term of supervision; said violation occurring when the defendant failed to pay $60.00 towards supervision fees for the month of October 2005.

4. The defendant violated the provisions of Condition No. 24 of the Order Deferring Adjudication and Placing Defendant On Probation which required the defendant to submit to drug and alcohol evaluation and successfully complete any treatment as recommended including aftercare and AA attendance; said violation occurring when the defendant failed to submit to a drug and alcohol evaluation through ACADA as referred by CSO Adams.

FILED
15.11.2005  11 : 43

JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS
           DEPUTY



WHEREFORE, premises considered, the Criminal District Attorney of Randall County, Texas, moves the Court to cause a warrant to be issued for the arrest of the defendant, and that upon her arrest hearing be held and a final adjudication of guilt be entered by the Court and sentence be entered as the evidence and judgment of the Court may warrant.

Date: November 9, 2005

JAMES A. FARREN
**Criminal District Attorney**
Randall County, Texas

BY: _____
JENNIFER CATES
Asst. Crim. Dist. Attorney
Randall County Courthouse
501 16th Street
Canyon, Texas  79015
(806) 468-5570
FAX: (806) 468-5566
SBN: 24009949

km



A CERTIFIED COPY
ATTEST: October
JO CARTER
District Clerk, Randall County
By _____ (Deputy)

Exhibit B

# REPORT OF PROBATION VIOLATION
## No 16120-A

THE STATE OF TEXAS

VS

SUMMER DAWN WHITE

IN THE 47TH DISTRICT COURT

RANDALL COUNTY, TEXAS

NOVEMBER 3, 2005

**PROBATED SENTENCE OF ONE (1) YEAR GRANTED DECEMBER 6, 2004 FOR THE OFFENSE UAUTHORIZED USE OF A MOTOR VEHICLE**

This Defendant has violated his/her probation in the following respect:

2.   Avoid injurious or vicious habits, including but not limited to the use of marijuana, narcotics, dangerous drugs, inhalants, or the abuse of prescription medication; to wit:

   a.   On July 14, 2005, the defendant admitted to CSO Adams to smoking marijuana once during the week of May 30, 2005 (no specific dates given).

5.   Report to the supervision officer as directed by the Court or supervision officer, but at least once each calendar month and obey all rules and regulations of the Community Supervision and Corrections Department; to wit:

   b.   The defendant failed to report to the supervision officer for the month of October 2005.

14.   Pay a supervision fee of $  60.00  per month to the Community Supervision and Corrections Department of this court on or before the fifth day of each month hereafter during the term of supervision; to wit:

   c.   The defendant failed to pay $60.00 towards supervision fees for the month of October 2005.

24.   Submit to drug and alcohol evaluation and successfully complete any treatment as recommended including aftercare and AA attendance; to wit:

   d.   The defendant failed to submit to a drug and alcohol evaluation through ACADA as referred by CSO Adams.

These offenses occurred after December 6, 2004 and during the term of probation.

(x)   It is recommended that a warrant be issued for the arrest of the Defendant and a Motion to Revoke be filed in the above styled case.

(x)   Other recommendations:  EXTEND THREE (3) YEARS AND ROLL TO STRAIGHT WITH EM FOLLOWED BY ISP   On 12-6-04, Summer Dawn White was placed on Community Supervision for a period of one year for the offense of Unlawful Use of a Motor Vehicle. Since being placed on supervision, the defendant has reported and paid as directed. In June 2005, the defendant tested positive for marijuana. She later admitted to the use during an administrative hearing with CSO II Nichols. The defendant was referred to a drug and alcohol evaluation on August 4, 2005 and was arrested for two new drug related offenses on August 24, 2005. The Amarillo Police Department has declined to pursue charges at this time. Based on the allegations in this report, it is this officer's recommendation that the defendant's supervision be extended three years, rolled to straight and EM followed by ISP added.  Respectfully submitted, Kelly Adams

Supervision Officer/Technician

Kelly Adams

Approved by:

March

Assistant District Attorney

SUPERVISION OFFICER/TECHNICIAN
SIGNATURE SIGNED & SEALED BEFORE
ME ON   Nov  3  , 20  05

JON CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS
DEPUTY

STEPHANIE GOINS
Notary Public

NOTARY PUBLIC STATE OF TEXAS

TOTAL P.07

Exhibit C

No. 16,120-A

THE STATE OF TEXAS                                    IN THE 47TH DISTRICT COURT
VS.                                                              OF
SUMMER DAWN WHITE                                    RANDALL COUNTY, TEXAS
SID: TX06548303
TRN: 9069084562

JUDGMENT ADJUDICATING GUILT

Judge Presiding:                          Honorable Richard Dambold
Attorney for the State:                   Jeremy Fowler
Date of Judgment:                         January 9, 2006
Attorney for Defendant:                   Rus Bailey
Offense convicted of:                     Unauthorized Use of a Motor Vehicle §31.07 of the T.P.C.
Degree:                                   State Jail Felony
Date of Offense:                          May 22, 2004
Date of Probation Order:                  December 6, 2004
Paragraph violated and
Grounds for Revocation:                   _____ as set out in States Motion to Adjudicate Guilt
Findings on Use of Deadly Weapon:         n/a
Punishment Imposed and
Place of Confinement:                     eighteen (18) months in the State Jail Facility and a $1,000.00
                                          fine
Date of Sentence:                         January 9, 2006            Costs:
Time Credited:                            In 5-23-04 Out 5-25-04 In 12-6-04 Out 12-6-04 In 12-7-05 Out
                                          12-13-05 In 1-9-06 to present date

Amount of Restitution/Reparation:
Concurrent Unless Otherwise Specified.

On the 9th day of January, 2006, came on to be heard the motion of the State of Texas to

pronounce and enter adjudication of guilt in the above-entitled and numbered cause, such adjudication

of guilt having been deferred upon the Defendant's plea of guilty on the 6th day of December, 2004, in

accordance with Article 42.12 s5, Texas Code of Criminal Procedure, and the Court, having duly

considered the pleadings and evidence, is of the opinion and finds that good cause exists therefore and

that such motion should be granted.

IT IS THEREFORE ACCORDINGLY ADJUDGED that, SUMMER DAWN WHITE Defendant, is

guilty of the offense of Unauthorized Use of a Motor Vehicle as alleged in the indictment.

On the 6th day of December, 2004, the above numbered and entitled cause was regularly reached

and called for trial, the State appeared by her Assistant Criminal District Attorney, Jennifer Cates, and the

Defendant, SUMMER DAWN WHITE appeared in person and by her attorney, Jerry McLaughlin, and both

parties announced ready for trial, and the said Defendant, in open court waived the reading of the

indictment, Defendant, her counsel and the District Attorney announced that they and each of them,

agreed in writing to waive a jury in this cause, and to submit this cause to the Court, and the said defendant, in open court pleaded "Guilty" to the charge of Unauthorized Use of a Motor Vehicle as alleged in the indictment; thereupon the Defendant was admonished by the Court of the consequences of said plea; including the minimum and maximum punishment and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court inquired as to the existence of any plea bargaining agreement between the State and the Defendant, and the Court admonished the Defendant that it could follow or reject the recommendation of the prosecuting attorney and that if the Court rejected the recommendation made by the prosecuting attorney the Defendant would be permitted to withdraw her plea of guilty. If the Court assessed punishment that did not exceed the recommendation made by the prosecuting attorney, the Defendant was admonished that any appeal from her plea of guilty entered in Court could only be made with permission of the Court, except on those matters which had been raised by written motion filed prior to trial, and the said Defendant persisted in pleading guilty; and it plainly appearing to the Court that the said Defendant was mentally competent and sane and that the said Defendant was not influenced in making said plea by any consideration of fear, or by a persuasion or delusive hope of pardon prompting him to confess her guilt and that such plea was freely and voluntarily made, the plea of guilty was received by the Court and entered of record in the Minutes of the Court as the plea herein of said Defendant; and at said hearing, Defendant entered in writing and under oath her Application for Deferred Probation in the above entitled and numbered cause; and the Court having read the application admonished the defendant that if the Court granted Deferred Adjudication that there could be no appeal and further in the event the Court proceeded with adjudication of guilty on the original charge that Defendant's punishment could be increased to the maximum punishment allowed by law or decreased to the minimum punishment allowed by law and there would be no right of appeal from the adjudication of guilty. Further that the Defendant would have thirty (30) days in which to request the Court to proceed with the adjudication from the date adjudication is deferred.

The Court, having heard all the evidence for the State and the Defendant and argument of counsel, found that it substantiated the Defendant's plea of guilty, and it was the opinion of the Court that the best interest of society and Defendant would be served by granting said Application and placing the Defendant

on probation; the Court granted said Application and the Court deferred all further proceedings in this cause and the Defendant was placed on probation for a period of one (1) year.

Thereafter, on the 9th day of November, 2005, the State entered a Motion to Revoke Order Granting Unadjudicated Probation Under Art. 42.12, Texas Code of Criminal Procedure;

The State appeared by her Assistant District Attorney, and the Defendant, SUMMER DAWN WHITE, accompanied by her attorney, Rus Bailey, appeared in open Court.

After having heard evidence and argument of counsel, the Court, is of the opinion and so finds that the State's Motion is well taken and that the violations numbered _____ of the Order Deferring Adjudication and Placing Defendant on Probation as set out in the State's motion have been proved by a preponderance of the evidence and are true and the Court further finds that the Defendant, SUMMER DAWN WHITE, is guilty of Unauthorized Use of a Motor Vehicle as charged in the indictment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that on the 9th day of January, 2006, said Defendant is guilty of the offense of Unauthorized Use of a Motor Vehicle, which occurred on the 22nd day of May, 2004, as alleged in the indictment in this cause, and as confessed by the Defendant in Defendant's plea of guilty heretofore made on the 6th day of December, 2004; and the Court, having heard evidence on the question of punishment and argument of counsel thereon, fixes the punishment by confinement in the State Jail Facility for a term of eighteen (18) months and that the State of Texas do have and recover of the said Defendant all costs in this proceeding incurred.

Further the Defendant, SUMMER DAWN WHITE, was asked by the Court whether she had anything to say why said sentence should not be pronounced against him, and she answered nothing in bar thereof, and the Defendant having agreed to accept sentence this date, the Court proceeded, in the presence of the Defendant and her attorney, to pronounce sentence as follows:

IT IS THE ORDER OF THIS COURT that the Defendant, SUMMER DAWN WHITE, who has been adjudged guilty of the offense of Unauthorized Use of a Motor Vehicle and whose punishment has been assessed at eighteen (18) months and a $1,000.00 fine, is hereby sentenced to eighteen (18) months in the State Jail Facility and shall be delivered by the Sheriff of Randall County, Texas, to the State Jail Facility or other persons authorized to receive such convicts, and the said SUMMER DAWN WHITE shall

be confined in the State Jail Facility for eighteen (18) months, in accordance with the provisions of the law governing such confinement.

And the said SUMMER DAWN WHITE is remanded to jail until said Sheriff can obey the directions of this sentence. And the Defendant was informed of her/his right to appeal and that she/he was entitled to have counsel appointed by the court to perfect an appeal if she/he could not afford to employ counsel for said appeal; and the Defendant stated that she/he did not wish to appeal her/his case and did not wish to have counsel appointed;

Credit for time the Defendant has served in jail is as indicated on page one of this judgment.

SIGNED this the _10_ day of January, 2006.

Notice of Appeal:_____

_Richard Dombard_
Judge Presiding
ACTING BY ASSIGNMENT